IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| KELLY WAYNE HANCE, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 13-2656-STA-tmp |
| BNSF RAILWAY COMPANY d/b/a BURLINGTON NORTHERN & SANTA FE RAILWAY CO., | ) ) ) ) ) | |
| Defendant. | ) ) | |

## ORDER REGARDING PRETRIAL ORDER AND STRIKING JURY DEMAND

On April 16, 2015, the Court conducted a telephonic conference regarding issues related to the parties' proposed pretrial order. At the conference, the Court heard the parties' contentions as to the inclusion of two references to "willfulness" in the pretrial order—references not included in the Plaintiff's Complaint. For the reasons stated below, the Court determines that the Pretrial Order shall not include claims of "willfulness" or a demand for liquidated damages under the Uniformed Services Employment and Reemployment Rights Act ("USERRA").[1] Furthermore, as the Complaint only seeks equitable relief without a claim for liquidated damages under the USERRA, the Court strikes the Plaintiff's jury demand under Federal Rule of Civil Procedure 39(a)(2).

## I. "Willfulness" in the Pretrial Order

On February 6, 2015, the parties submitted to the Court, via email and ECF, their joint proposed pretrial order. (*See* ECF No. 64). BNSF electronically filed the document. The Court

---

[1] 38 U.S.C. § 4301–33.

1

held a Pretrial Conference on February 11, 2015, in anticipation of trial on February 17, 2015. Due to inclement weather, the trial was continued until April 20, 2015. On February 17, 2015, BNSF filed its Motion to Strike references to willfulness and liquidated damages from the joint proposed pretrial order. The USERRA allows for "liquidated damages . . . if the court determines that the employer's failure to comply with the provisions of [the USERRA] was willful."[2]

In its Motion to Strike, BNSF argues that Hance's Complaint does not allege a willful violation of the USERRA. Neither did Hance include a reference to liquidated damages in his Complaint. The prayer for relief does not even mention it alongside the other remedies requested. BNSF admits that it "inadvertently missed this reference to willful conduct and did not realize Plaintiff had attempted to add in this allegation in the Joint Pre-Trial Order." (ECF No. 73 at 2 n.1). Then, BNSF argues correctly that the deadline to amend pleadings was December 17, 2013. (Scheduling Order, ECF No. 11).

Hance responded on February 23, 2015, arguing two main points. (ECF No. 75). First, BNSF did not object to Hance's proposed jury instructions (which included a willful instruction), did not timely object to the proposed pretrial order, and did not object at the pretrial conference. Second, Hance generally states the correct rule that "a final pretrial order . . . supersede[s] all prior pleadings."[3] Furthermore, the Sixth Circuit has held that a "district court did not err in allowing plaintiffs to supplement their pleadings via the pre-trial order."[4] In passing, Hance argues that BNSF would not be prejudiced because "discovery has been taken, and no new evidence will be introduced at trial to establish willfulness." (ECF No. 75 at 2).

---

[2] 38 U.S.C. § 4323(d)(1)(C).

[3] *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 475 (2007).

[4] *S. Elec. Health Fund v. Heritage Mut. Ins. Co.*, 147 F. App'x 497, 504 (6th Cr. 2005).

Hance's citation to the rule that a pretrial order supersedes all pleadings is correct. But no pretrial order exists in this case. Before the Court entered a pretrial order, BNSF filed its "Motion to Strike," which is more aptly characterized as an objection to a not-yet-finalized pretrial order. BNSF cannot "strike" language from a document that is not a final pretrial order. Indeed, the Supreme Court's rule that the pretrial order supersedes pleadings includes the words "*final* pretrial order,"[5] not "proposed pretrial order." Further supporting this proposition is that the pretrial order is the Court's order to enter, not the parties': "After any conference under [Rule 16], the court should issue an order reciting the action taken. This order controls the course of the action unless the court modifies it."[6] Moreover, the Court may take appropriate action on "determining the form and content of the pretrial order."[7]

Hance does not contest that he failed to include any reference to a willful violation in the Complaint. Nor does the Complaint include a reference to liquidated damages under the USERRA. Thus, Hance is essentially seeking to amend his pleadings under Rule 15(a)(2), which provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."[8] The Sixth Circuit has listed several factors to guide a court's discretion in allowing amendments: "delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendment, undue prejudice to the opposing party, and

---

[5] *Rockwell Int'l Corp.*, 549 U.S. at 475.

[6] Fed. R. Civ. P. 16(d).

[7] Fed. R. Civ. P. 16(c)(2)(J).

[8] Fed. R. Civ. P. 15(a)(2).

futility of the amendment."[9] Although leave to amend is generally given freely, Rule 16(b)(4) is also relevant to the inquiry: "A schedule may be modified only for good cause and with the judge's consent."[10] The Scheduling Order, which set a December 17, 2013 deadline to amend, also provided, in bold text, that it "ha[d] been entered after consultation with the parties. Absent good cause shown, the deadlines set by this order will not be modified." (Scheduling Order, ECF No. 11).

Hance's attempt to amend the pleadings by including it in a proposed pretrial order came 15 months after the amendment deadline in the Scheduling Order. Hance has not shown good cause for including the amendment, and he did not specifically bring the amendment to the Court's or BNSF's attention. Rather, he included it in two short, numbered paragraphs in the proposed pretrial order. Although BNSF did not object to the proposed pretrial order until the last hour, Hance's attempt to add the willful claim without leave or explicit consent is equally significant. This is especially true for the "willfulness" claim at issue here. That claim, never pleaded in the Complaint, was not subject to discovery or dispositive motions. Furthermore, the new claim would require supplemental proof at trial and would leave BNSF potentially liable for double damages without ever having notice of those damages from the Complaint. The Court will not allow Hance to include a claim for willfulness over BNSF's objection almost 15 months after the date to amend his pleadings and without seeking leave.

## II. Right to Jury Trial Under the USERRA

Having determined that there is no allegation of willful conduct, the plaintiff cannot recover liquidated damages under the USERRA. In his Complaint, Hance requests back pay and

---

[9] *Seals v. GMC*, 546 F.3d 766, 770 (6th Cir. 2008).

[10] Fed. R. Civ. P. 16(b)(4).

an order from the Court directing the BNSF to hire Hance, along with attorney's fees and costs.

The USERRA's remedies section, 38 U.S.C. § 4323(d)(1), provides three forms of relief:

> (A)  The court may require the employer to comply with the provisions of [the USERRA].
>
> (B)  The court may require the employer to compensate the person for any loss of wages or benefits suffered by reason of such employer's failure to comply with the provisions of [the USERRA].
>
> (C)  The court may require the employer to pay the person an amount equal to the amount referred to in subparagraph (B) as liquidated damages, if the court determines that the employer's failure to comply with the provisions of [the USERRA] was willful.[11]

Courts have interpreted subsection (d)(1)(C) as providing a legal remedy: liquidated damages that are punitive or tortious in nature.

Generally, the Seventh Amendment provides a right to a jury trial in "'suits in which legal rights are to be ascertained and determined, in contradistinction to those where equitable rights alone are recognized, and equitable remedies are administered.'"[12] Under the USERRA's predecessor, the Veterans' Reemployment Rights Act ("VRRA"), "the court had the discretionary power to award a plaintiff lost wages or benefits."[13] Those remedies were equitable in nature, and therefore did not provide a right to trial by jury. But after Congress enacted the USERRA, most courts have held that "Congress intended to create a right to a jury

---

[11] 38 U.S.C. § 4323(d)(1)(A)–(C).

[12] *Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 564 (1990) (quoting *Parsons v. Bedford*, 26 U.S. (1 Pet.) 433, 447 (1830)).

[13] *Helton v. Flowers Bakery of Cleveland, LLC*, No. 1:09-cv-133, 2009 U.S. Dist. LEXIS 94745, at * 7 (E.D. Tenn. Oct. 9, 2009) (citing 38 U.S.C. § 2022 (1982)).

trial on USERRA claims for liquidated damages."[14]  With the USERRA, Congress added discretion to award liquidated damages, unlike under the VRRA.  As the Northern District of Illinois opined,

> [n]othing in the legislative history, the text or the structure of USERRA supports the suggestion that the Congress's addition of the liquidated damage provision . . .—a remedy that was unavailable under prior veterans' reemployment rights statutes . . .—was intended to be a component of the restitutionary remedies carried over from VRRA.[15]

This well-reasoned analysis implies that subsections (d)(1)(A) and (B) were "restitutionary remedies carried over from the VRRA,"[16] unlike subsection (C), an addition of the USERRA that created a new, legal right.

In comparing the USERRA to the Age Discrimination in Employment Act's liquidated-damages provision, the Eastern District of Tennessee pointed to an ADEA opinion of the Supreme Court which "held the ADEA's willfulness requirement makes a remedy of liquidated damages punitive, rather than compensatory, in nature."[17]  Punitive damages were typically issued by courts at law, not courts of equity,[18] and therefore, "[b]ecause USERRA also requires a

---

[14] *Helton*, 2009 U.S. Dist. LEXIS 94745, at * 4; *Maher v. City of Chicago*, 463 F. Supp. 2d 837 (N.D. Ill. 2006).

[15] *Maher*, 463 F. Supp. 2d at 841 (internal citations omitted).  Generally, Courts have not held that Congress's use of the word "court" in a statute's remedies provision implies that the plaintiff is only entitled to a bench trial.  *See id.* at 843–44; *Spratt v. Guardian Auto. Prods.*, 997 F. Supp. 1138, 1140 n.3 (N.D. Ind. 1998).

[16] *Maher*, 463 F. Supp. 2d at 841.

[17] *Helton*, 2009 U.S. Dist. LEXIS 94745, at *11 (citing *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 125–28 (1985)).

[18] *Curtis v. Loether*, 415 U.S. 189, 193 (1974); *see Tull v. United States*, 481 U.S. 412, 422 (1987).

finding of willfulness, every court to have considered the issue so far has determined USERRA liquidated damages are also punitive in nature, and thus entitle a party to a jury."[19] In interpreting the right to a jury trial under the USERRA, these courts consistently rely on the tortious or punitive, and therefore legal, nature of liquidated damages.

Thus, the question for this Court is whether a USERRA claim for instatement and back pay—without an allegation of willfulness or demand for liquidated damages under subparagraph (d)(1)(C)—entitles Hance to a jury trial. It does not. Congress "is presumed to have known a willfulness requirement creates a right to a jury in a claim for liquidated damages."[20] It follows, then, that Congress also knew that neglecting a willfulness requirement in the very same section would leave the USERRA's equitable claims in the hands of the judge:

> The power to compensate an employee for wages or benefits lost because of the employer's unlawful action [under the VRRA] was discretionary with the district court and was deemed to be an integral part of the equitable remedy of reinstatement . . . In carrying over that remedy into USERRA, . . . . the Congress presumably had knowledge of the interpretations given to VRRA, at least insofar as it would affect the new statute, and to adopt those interpretations when it enacted USERRA.[21]

Hance's action is a suit of equity. Thus, the jury demand is not appropriate.

Under Federal Rule of Civil Procedure 39(a)(2), all issues subject to a jury demand must be tried by a jury unless "the court, on motion or on its own, finds that on some or all of those

---

[19] *Helton*, 2009 U.S. Dist. LEXIS 94745, at *11–12 (collecting cases from various district courts).

[20] *Id.* at *13.

[21] *Maher*, 463 F. Supp. 2d at 840 (citations omitted). The *Maher* court then noted that "Congress went much further in crafting USERRA, and because it did, the instructive value typically associated with decisions under VRRA . . . has limited utility in this case." *Id.* That limited value applies here, as USERRA subsections (d)(1)(A) and (B) include remedies common to the both statutes.

issues there is no federal right to a jury trial."[22] Congress did not intend to create a right to a jury trial for an equitable action under the USERRA seeking only back pay and reinstatement. Therefore, the Court strikes the Plaintiff's jury demand.

**IT IS SO ORDERED.**

                                         **s/ S. Thomas Anderson**
                                         HON. S. THOMAS ANDERSON
                                         UNITED STATES DISTRICT COURT

                                         Date: April 17, 2015

---

[22] Fed. R. Civ. P. 39(a)(2).